UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD S. BELLAH, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01331-JRS-MPB |
| ) | |
| JOHN NWANNUNU, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF SUMMARY JUDGMENT**

This action is based on Richard Bellah's allegations that Dr. John Nwannunu was deliberately indifferent to his serious medical condition at new Castle Correctional Facility in 2019. For the following reasons, Dr. Nwannunu's unopposed motion for summary judgment, dkt. [23], is **granted**, and this action is dismissed.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on

the matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for potentially relevant evidence. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572–73 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

Mr. Bellah failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind.

Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285–86 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997) (cleaned up). Thus, "even where a non-movant fails to respond to a motion for summary judgment, the movant 'still has to show that summary judgment is proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Facts

On May 11, 2019, Mr. Bellah saw a nurse at sick call and reported concerns about respiratory disruptions to his sleep. Dkt. 24-1 at 1–4. Specifically, he relayed that his last three cell mates told him he snored loudly and stopped breathing while sleeping. *Id.* at 1. The nurse referred Mr. Bellah for examination by a doctor. *Id.* at 4.

Dr. John Nwannunu met with Mr. Bellah three days later. *Id.* at 5–7. Mr. Bellah reported numerous respiratory symptoms, including coughing, wheezing, shortness of breath, waking up coughing or short of breath, and sinus congestion. *Id.* at 5. Dr. Nwannunu prescribed an aerosol inhaler and instructed Mr. Bellah to use it every six hours. *Id.* at 7.

Mr. Bellah reported on July 19, 2019, that he had not received his inhaler. *Id.* at 15. Eventually, he received the inhaler. Mr. Bellah's medical records include no further evidence of respiratory disruptions to his sleep. Indeed, his latest medical record describes his respiratory symptoms as "exercise-induced" and notes that his inhaler provided relief. *Id.* at 33.

On May 23, 2019, a couple weeks after his appointment with Dr. Nwannunu, Mr. Bellah submitted the following grievance:

> I am having breathing problems at night time while asleep. I have told medical about this. I have been told by several cellmates that I stop breathing. I was told there is nothing they can do because it will cost too much to test me. This is causing me pain and bad anxiety.

Dkt. 1-1 at 1. Mr. Bellah echoes these allegations in his verified complaint and adds that Dr. Nwannunu told him he was not "worth" a sleep test. *See* dkt. 1.

### III. Analysis

"Prison officials violate the [Eighth Amendment's] prohibition on cruel and unusual punishment if they act with deliberate indifference to a prisoner's serious medical condition." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment' or 'is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Id.* (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).

To show deliberate indifference, "a plaintiff must provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). "If a risk from a particular course of medical treatment (or lack thereof) is obvious enough, a factfinder can infer that a prison official knew about it and disregarded it." *Id.* at 729. Deliberate indifference may also occur "where a prison official persists in a course of treatment known to be ineffective." *Id.* at 729–30. However, "an inmate is not entitled to demand specific

care, . . . and medical professionals may choose from a range of acceptable courses based on prevailing standards in the field." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

Mr. Bellah was not entitled to a sleep test, but to treatment based on medical judgment. Viewed in the light most favorable to Mr. Bellah, the evidence shows that Dr. Nwannunu heard Mr. Bellah's complaints of respiratory symptoms, that he prescribed an inhaler, and that the inhaler provided Mr. Bellah relief. Mr. Bellah has waived his opportunity to present contrary evidence. The Court assumes for purposes of summary judgment that Dr. Nwannunu told Mr. Bellah he was not "worth" a sleep study, but Mr. Bellah was "not constitutionally entitled to a warm bedside manner." *Karraker v. Kankakee Cty. Sheriff's Dep't*, 65 F.3d 170, 1995 WL 508075, at *5 (7th Cir. Aug. 18, 1995) (table). No reasonable jury could resolve this action in Mr. Bellah's favor.

### IV. Conclusion

Dr. Nwannunu's motion for summary judgment, dkt. [23], is **granted**. His motion for summary ruling, dkt. [25], is **denied as unnecessary**. This action is **dismissed**. The **clerk is directed** to enter **final judgment** consistent with this order and the screening entry, dkt. 10.

**IT IS SO ORDERED.**

Date: 3/11/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD S. BELLAH, II
605 South 30th Street
Lafayette, IN 47904

Michael Roth
EICHHORN & EICHHORN LLP (Indianapolis)
mroth@eichhorn-law.com